IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| HENRY ZITTERKOPF, Individually and as Personal Representative of the Estate of LISA ZITTERKOPF, and BRANDON ZITTERKOPF, Individually and on Behalf of His Minor Son, IZIAH ZITTERKOPF., | ) ) ) ) ) ) | 7:08CV3190 |
| Plaintiffs, | ) ) | |
| | ) | PROTECTIVE ORDER |
| v. | ) ) | |
| LANNY HANKS, BRYAN MOREHOUSE, JAY WOODARD, ALEX IRONS, MARK BLISS, and JUSTIN VICKERS, in their official and individual capacities, | ) ) ) ) ) ) | |
| Defendants. | | |

NOW ON THIS 5th day of March, 2010, this matter came on for consideration pursuant to the agreement of the parties and the Nebraska Department of Health and Human Services as evidenced by the signatures of their respective counsel below, for entry of a Protective Order to preserve the confidentiality of certain documents and records of the Nebraska Department of Health and Human Services, requested by some of the Defendants in this matter. These records include, but are not limited to, the complete files created and retained by Nebraska Department of Health and Human Services, and any other personally identifiable information regarding Brandon Zitterkopf, and his son, Iziah Zitterkopf, the confidentiality of which is protected under various state laws, **Neb.Rev.Stat. §§ 68-312 through 68-314, 68-1209, R.R.S. 2003 and Cum. Supp. 2008; Neb.Rev.Stat. §§ 28-719, 28-722, 28-725, 28-726**, *R.R.S.*, 2008; **Neb.Rev.Stat. § 28-730**, *R.R.S.* 2008; and **Neb.Rev.Stat. § 43-3001**, *R.R.S.,* 2008.

The Court, being duly advised in the premises, finds as follows:

1. The records of the Nebraska Department of Health and Human Services and any copies thereof shall be utilized by Plaintiffs and Defendants solely in connection with discovery, pretrial proceedings, preparation for trial, trial, appeal and/or settlement, and for no other purpose, and shall not be disseminated, published, shown or otherwise disclosed to any person or entity except as provided herein.

2. That any reports of an investigation made by the Nebraska Department of Health and Human Services shall not include the name and address of any person making a report pursuant to the Nebraska mandatory reporting laws, nor items appearing in the appendix, which may include any or none of the following: police reports, correspondence with NDHHS legal counsel and/ or Attorney General.

3. Before counsel discloses the records to any designated expert or consultant or to the individual parties, the expert or consultant or party must first execute the following agreement:

AGREEMENT OF CONFIDENTIALITY

I hereby certify that I have read the Protective Order entered on _____ ,2010, (the "Order") in the action now pending in the United States District Court for Nebraska, captioned Case No. 7:08-cv-3190 (the "Action"), and am fully familiar with its terms. I understand that in the course of my activities in connection with the Action I may have occasion to examine, inspect, or be exposed to the records of the Nebraska Department of Health and Human Services, Nebraska Department of Education, Nebraska Department of Public Institutions, or the records of any local agency. I therefore agree to be bound and comply with all of the terms and prohibitions of the Order and not to do any act or thing in violation of the Order.

-2-

4. Before receiving the records the Plaintiff(s) or Defendant(s) shall also execute the above written agreement, and before the Plaintiff(s) or Defendant(s) discloses the records to any designated expert or consultant, such expert or consultant must first execute the above written agreement.

5. All persons to whom the records are disclosed pursuant to this Order shall:

   a. be responsible for keeping such custody of control over said records so as to assure that said records are not lost, misplaced, or inadvertently disclosed in violation of the provisions of this Order;

   b. not reveal the contents of the records to any person not already subject to the terms of this Order;

   c. not reveal or use the contents of the records except for the purposes set forth in Paragraph (1) above; and

   d. return promptly to counsel for the disclosing party any copy of any such records entrusted to him or her when no longer required by him or her for the purposes set forth in Paragraph (1) above.

6. The records or any information contained therein shall be treated as confidential pursuant to the terms of this Protective Order.

7.	After this action is terminated by the entry of a final and no-further appealable order, the records and the information contained therein shall not thereafter be disclosed to any third party and shall be returned to the agency which provided said records.

8.	This Order is to remain in force until modified by the Court for good cause shown.

DATED this 5th day of March, 2010.

BY THE COURT:

s/ *Cheryl R. Zwart*
Cheryl R. Zwart
United States Magistrate Judge