IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BRANDON ZITTERKOPF, individually and on behalf of his minor son, IZIAH ZITTERKOPF, HENRY ZITTERKOPF, individually and as Personal Representative of the Estate of LISA ZITTERKOPF, | ) ) ) ) ) ) ) ) | |
| Plaintiff, | ) ) | 7:08CV3190 |
| v. | ) ) | |
| LANNY HANKS, in his official and individual capacities, BRYAN MOREHOUSE, in his official and individual capacities, and MARK BLISS in his official and individual capacities, | ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the Court on defendants Mark Bliss and Lanny Hanks' (collectively, "Nebraska Defendants") motion for summary judgment on Henry Zitterkopf's malicious prosecution claim and Iziah Zitterkopf's[1] assault and battery claims (Filing No. 92), and the Nebraska Defendants' motion to strike index (Filing No. 102). Both motions will be denied.

### BACKGROUND

This case involves 42 U.S.C. § 1983 claims and related state claims against Wyoming and Nebraska sheriff's deputies in

---

[1] For ease of reference, the Zitterkopfs will hereafter be referred to by their first names.

their individual and official capacities.  The claims arise out of events that occurred on December 25, 2006.

All defendants previously filed motions for summary judgment based on qualified immunity (Filing Nos. 48, 52 ("qualified immunity motions")).  At that time, Alex Irons, Bryan Morehouse, Justin Vickers, and Jay Woodard (collectively, the "Wyoming Defendants") argued they were entitled to summary judgment on all federal and state claims; the Nebraska Defendants only addressed the federal claims.  In a memorandum and order dated March 30, 2010 (Filing No. 89), the Court granted both qualified immunity motions in part and denied both motions in part.  Of particular relevance to the present matter, the Court's March 30, 2010, order dismissed Iziah's state law claims for assault and battery and Henry's state law claim for malicious prosecution against Morehouse (one of the Wyoming Defendants).[2]  Because the Nebraska Defendants did not move for summary judgment on the state law claims in their qualified immunity motion, the Court did not dismiss any state claims asserted against the Nebraska Defendants at that time.

Now, the Nebraska Defendants seek summary judgment on Iziah's assault and battery claims and Henry's malicious prosecution claim (1) on the same grounds as the Court previously

---

[2] Irons, Vickers, and Woodard were dismissed from this action in the March 30, 2010, order.

granted summary judgment in favor of Morehouse, and (2) on the basis of sovereign immunity.  Plaintiffs opposed the motion and submitted new evidence in support of their opposition.

## STANDARD OF REVIEW

Rule 56(c)(2) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  A fact is material when its resolution affects the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*

The Court must view the evidence in the light most favorable to the nonmoving party, with all reasonable inferences drawn in that party's favor.  *Pace v. City of Des Moines*, 201 F.3d 1050, 1052 (8th Cir. 2000).  However, when a motion for summary judgment is properly made and supported, the nonmoving party may not rest on the mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial.  Fed. R. Civ. P. 56(e)(2).

**DISCUSSION**

Upon review of the present record, the Court finds that genuine issues of material fact exist with respect to Iziah's assault and battery claims and Henry's malicious prosecution claim which preclude summary judgment. Further, the Nebraska Defendants have not demonstrated that they are entitled to sovereign immunity on the stated claims. Accordingly,

IT IS ORDERED:

1) The Nebraska Defendants' motion to strike index (Filing No. 102) is denied;

2) The Nebraska Defendants' motion for summary judgment on Henry's state law claim for malicious prosecution and Iziah's state law claims for assault and battery (Filing No. 92) is denied.

DATED this 18th day of June, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court